FILED

**IN THE UNITED STATES DISTRICT COURT** 2010 APR 14  AM 11: 15
**FOR THE NORTHERN DISTRICT OF INDIANA**

S. L....  .... JUL G.CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, | ) ) ) |
| Plaintiffs, | ) ) Case No.: **4:10CV0033** |
| vs. | ) ) |
| CADEC GLOBAL, INC., IDA MARKETING CORPORATION, ON-BOARD COMMUNICATIONS, INC., RADIO SATELLITE INTEGRATORS, INC., STARTRAK SYSTEMS, LLC, TELENAV, INC., and VOLVO TRUCKS NORTH AMERICA, INC. | ) ) ) ) ) **DEMAND FOR JURY TRIAL** ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively,

"ArrivalStar" or "Plaintiffs"), by and through their undersigned attorneys, for their complaint

against defendants Cadec Global, Inc. ("Cadec"), IDA Marketing Corporation ("IDA"), On-

Board Communications, Inc. ("On-Board"), Radio Satellite Integrators, Inc. ("RSI"),

StarTrak Systems, LLC ("StarTrak"), TeleNav, Inc. ("Telenav"), and Volvo Trucks North

America, Inc. ("Volvo")(Cadec, IDA, On-Board, RSI, StarTrak, Telenav, and Volvo are

collectively referred to herein as "Defendants") hereby allege as follows:

## NATURE OF LAWSUIT

1.      This action involves claims for patent infringement arising under the patent

laws of the United States, Title 35 of the United States Code.  This Court has exclusive

jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

## THE PARTIES

2.       ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

3.       Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

4.       ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,278,936 ("the '936 patent"), entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," issued August 21, 2001. A copy of the '936 patent is annexed hereto as Exhibit A.

5.       ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,618,668 ("the '668 patent"), entitled "System and method for obtaining vehicle schedule information in an advance notification system," issued September 9, 2003. A copy of the '668 patent is annexed hereto as Exhibit B.

6.       ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,714,859 ("the '859 patent"), entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," issued March 30, 2004. A copy of the '859 patent is annexed hereto as Exhibit C.

7.       ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,741,927 ("the '927 patent"), entitled "User-definable communications methods and systems," issued May 25, 2004. A copy of the '927 patent is annexed hereto as Exhibit D.

8.     ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,804,606 ("the '606 patent"), entitled "Notification systems and methods with user-definable notifications based upon vehicle proximities," issued October 12, 2004. A copy of the '606 patent is annexed hereto as Exhibit E.

9.     ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,904,359 ("the '359 patent"), entitled "Notification systems and methods with user-definable notifications based upon occurance of events," issued June 7, 2005. A copy of the '359 patent is annexed hereto as Exhibit F. The '359 patent has been reexamined by the U.S. Patent and Trademark Office in *Inter Partes* reexamination no. 95/000,369. A copy of the allowed reexamined claims of the '359 patent are annexed hereto as Exhibit G. A copy of the Notice of Intent to Issue a Reexam Certificate is annexed hereto as Exhibit H.

10.     ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,952,645 ("the '645 patent"), entitled "System and method for activation of an advance notification system for monitoring and reporting status of vehicle travel," issued October 4, 2005. A copy of the '645 patent is annexed hereto as Exhibit I.

11.     ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,030,781 ("the '781 patent"), entitled "Notification system and method that informs a party of vehicle delay," issued April 18, 2006. A copy of the '781 patent is annexed hereto as Exhibit J.

12.     ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,191,058 ("the '058 patent"), entitled "Notification

systems and methods enabling user entry of notification trigger information based upon monitored mobile vehicle location," issued March 13, 2007. A copy of the '058 patent is annexed hereto as Exhibit K.

      13.     Defendant Cadec is a Delaware Corporation with a place of business at 645 Harvey Rd., Manchester, New Hampshire 03101. Cadec transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Indiana services that infringe claims of the '936, '859, '606, '781, and '058 patents.

      14.     Defendant IDA is a North Dakota Corporation with a place of business at 1345 Main Ave., Fargo, North Dakota 58103. IDA transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Indiana services that infringe claims of the '936, '859, '927, '606, '359, '645, and '058 patents.

      15.     Defendant On-Board is a Texas Corporation with a place of business at 12720 Hillcrest Rd. Suite 300, Dallas, Texas 75230. On-Board transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Indiana services that infringe claims of the '936, '859, '927, '606, '359, '645, and '058 patents.

      16.     Defendant RSI is a Florida Corporation with a place of business at 19144 Van Ness Ave., Torrance, California 90501. RSI transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Indiana services that infringe claims of the '936, '859, '927, '606, '359, '645, '781, and '058 patents.

      17.     Defendant StarTrak is a Delaware Limited Liability Company with a place of business at 408 American Rd., Morris Plains, New Jersey 07950. StarTrak transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and

throughout the State of Indiana services that infringe claims of the '936, '668, '859, '606, '359, '645, '781, and '058 patents.

18.     Defendant TeleNav is a Delaware Corporation with a place of business at 1130 Keifer Rd., Sunnyvale, California 94806. TeleNav transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Indiana services that infringe claims of the '936, '859, '927, '606, '359, '645, and '058 patents.

19.     Defendant Volvo is a Delaware Corporation with a place of business at 7900 National Service Rd., Greensboro, North Carolina 27409. Volvo transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Indiana services that infringe claims of the '936, '859, '927, '606, '359, '645, and '058 patents.

20.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## DEFENDANT CADEC'S ACTS OF PATENT INFRINGEMENT

21.     Defendant Cadec has infringed claims of the '936, '859, '606, '781, and '058 patents through, among other activities, the use of Cadec's PowerVue vehicle tracking system. Cadec has also infringed the '936, '859, '606, '781, and '058 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

22.     Cadec's tracking system monitors the location of mobile conveyances.

23.     Cadec's tracking system receives data from mobile assets equipped with tracking devices.

24.     Cadec's tracking system is configured to monitor fleet assets traveling along predetermined routes.

25.     Cadec's tracking system receives data from vehicles via satellite communication networks.

26.     Cadec's tracking system receives location information from tracking devices aboard vehicles via cellular communications networks.

27.     Cadec's PowerVue tracking system provides users with proactive identification of delivery status and estimated time of arrival information for vehicles.

28.     Cadec's tracking system dispatches notices to users' personal communication devices.

29.     Cadec's vehicle tracking system provides real-time GPS tracking of vehicles and live vehicle mapping.

30.     Cadec's tracking system receives requests from users that messages be transmitted in response to a user specified vehicle entering within a predetermined proximity of a location.

31.     Cadec's PowerVue system generates automatic notifications upon a vehicle crossing a predetermined border.

32.     Cadec's tracking system is configurable to send alerts to email addresses when a vehicle is delayed.

33.     Cadec's tracking system is configurable to send alert notifications to email addresses when a vehicle is a predetermined distance from a destination.

34.     Cadec's promotional literature claims that Cadec's systems provide real-time estimated time of arrival updates for vehicles.

35.     Cadec's tracking systems include geofence functionality.

36.     Cadec's tracking system is configurable to transmit a notification when a mobile asset departs from within a predetermined proximity around a landmark location.

37.     Cadec's tracking system sends users notifications based upon travel data received from mobile vehicles.

38.     Cadec's tracking system transmits event alert messages from a datacenter to users' personal computers via the internet.

39.     Users of the Cadec tracking system specify email addresses and the Cadec tracking system sends notifications to the user-specified email addresses.

40.     Cadec's tracking system transmits event alerts in response to vehicles entering user-defined geofence areas.

41.     Cadec's PowerVue tracking system is designed to enable a user to specify a vicinage about a location.

42.     Cadec's vehicle tracking system allows a user to define a route schedule for a vehicle that includes timing and location information.

43.     Cadec's system is configured to enable users to specify multiple geographic vicinities around a location.

44.     Cadec's tracking system enables users to associate event alert conditions with specific vehicles.

45.     Cadec's tracking system is configured to enable users to assign alerts to vehicles via unique asset identifiers.

46.     Cadec's tracking system provides graphical maps to users' computers.

47.     Cadec's tracking system provides users with maps that indicate a location of a vehicle based upon data received from a GPS tracking device aboard the vehicle.

48.     Cadec's PowerVue system sends alerts to users' computers upon vehicles arriving at geographic way-points along a route to a destination.

49.     Defendant Cadec's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '606, '781, and '058 patents.

## DEFENDANT IDA'S ACTS OF PATENT INFRINGEMENT

50.     Defendant IDA has infringed claims of the '936, '859, '927, '606, '359, '645, and '058 patents through, among other activities, the use of IDA's TRACKIT vehicle tracking system. IDA has also infringed the '936, '859, '927, '606, '359, '645, and '058 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

51.     IDA's tracking system receives location data from remote mobile vehicles.

52.     IDA's tracking system receives alert preferences associated with mobile vehicles from users located remote from the mobile vehicles.

53.     IDA's tracking system actively monitors the position of vehicles.

54.     IDA's tracking system is configured to enable users to assign a zone alarm to a single vehicle.

55.     IDA's tracking system allows a user to specify a location by Latitude and Longitude coordinates.

- 8 / 23 -

56.     IDA's vehicle tracking system provides a mapping application that enables a user to specify a location by placing a cursor on a graphical map.

57.     IDA's tracking system allows a user to specify a location on a graphical map, and the tracking system assigns Latitude and Longitude coordinates to the location.

58.     IDA's vehicle tracking system transmits notifications to users that indicate a vehicle's current location.

59.     IDA's vehicle tracking system automatically associates geographic locations with data in a format compatible with location data produced by GPS tracking devices aboard vehicles.

60.     IDA's tracking system allows users to define an electronic circular fence around the location of a vehicle.

61.     IDA's tracking system allows users to specify circular geographic areas on a map with a radius extending from a point.

62.     IDA's vehicle tracking system is configurable to automatically transmit a notification to a user when a vehicle is arriving at a location.

63.     IDA's tracking system transmits notifications when vehicles enter within geofence areas designated by a user.

64.     IDA's TRACKIT system transmits notifications when vehicles approach user assigned areas.

65.     IDA's system allows a user to specify a route to a destination for a vehicle, and the system allows the user to set a buffer zone around the route.

66.     IDA's tracking system is configured to enable users to designate multiple circular areas around a geographic point.

67.     IDA's vehicle tracking system notifies users of impending arrivals of vehicles at destinations by monitoring the movement of the vehicles and transmitting email notifications to the users when the vehicles enter within user assigned proximities of the destinations.

68.     IDA's vehicle tracking system provides users with a map that includes graphical representations of mobile assets and locations.

69.     IDA's mapping systems display symbols that represent particular locations.

70.     Defendant IDA's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, '359, '645, and '058 patents.

### DEFENDANT ON-BOARD'S ACTS OF PATENT INFRINGEMENT

71.     Defendant On-Board has infringed claims of the '936, '859, '927, '606, '359, '645, and '058 patents through, among other activities, the use of On-Board's SafetyTraks, FleetTracks, and TeenTraks tracking systems. On-Board has also infringed the '936, '859, '927, '606, '359, '645, and '058 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

72.     On-Board's tracking systems receive position data from tracking devices aboard vehicles via cellular communications networks.

73.     On-Board's tracking systems transmit notifications to email addresses.

74.     On-Board's tracking systems are configured to transmit notifications via SMS text messages.

- 10 / 23 -

75.    On-Board's vehicle tracking system transmits alert messages to users' personal computers via email.

76.    On-Board's tracking systems display the location of mobile assets on graphical maps

77.    On-Board's vehicle tracking system stores travel data transmitted from location tracking devices aboard vehicles.

78.    On-Board's vehicle tracking system has received a request from a user that an alert be transmitted in response to a vehicle entering within a predetermined boundary around a geographic location.

79.    On-Board's vehicle tracking system is configured to enable users to link pre-determined geofence areas to individual mobile assets.

80.    On-Board's vehicle tracking system allows users to assign multiple geofence areas to a mobile asset.

81.    On-Board's tracking systems are configured to provide users with notifications upon vehicle arrivals at predefined locations.

82.    On-Board's vehicle tracking system is configured to automatically notify a user via email or SMS upon the occurrence of a predetermined vehicle condition.

83.    On-Board's vehicle tracking system is configured to automatically notify a user via email or SMS upon the occurrence of a vehicle arriving at a predetermined area.

84.    On-Board's vehicle tracking system allows users to monitor the position and driving history of a vehicle with a graphical map.

85.     On-Board's SafetyTraks vehicle tracking system has transmitted an alert message indicating that a user specified vehicle has entered within a predetermined proximity of a location.

86.     On-Board's vehicle tracking system allows users to set geo-fence areas.

87.     On-Board's tracking system allows a user to define geofences via the user's general-purpose computer.

88.     On-Board's tracking system allows a user to define geofence areas via the user's general-purpose computer, wherein the geofence areas are remote from the user's general purpose-computer.

89.     On-Board's systems are configured to enable users to set overlapping geo-fences.

90.     On-Board's tracking system allows users to assign multiple geofences to a vehicle.

91.     On-Board's tracking systems allow users to set up alerts for vehicles and specify time periods that the alerts are active.

92.     On-Board's tracking system allows a user to create geofences for vehicles that are distant from the user.

93.     On-Board's tracking system allows a user to define geofence areas for a vehicle with the user's general-purpose computer, wherein both the geofence areas and the vehicle are remote from the user's general purpose-computer.

94.     On-Board's tracking system is configured to enable users to define multiple geofences around location way-points that are along a vehicle's path to a destination.

95.     On-Board's tracking systems allow users to specify distances of 5, 10, 25, 50, and 100 miles from a location.

96.     On-Board's tracking systems transmit notifications when a user-specified vehicle is a user-specified distance from a user-specified location.

97.     On-Board's vehicle tracking system has transmitted a graphical map to a user device, wherein the map indicated a vehicle's proximity to a location.

98.     Defendant On-Board's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, '359, '645, and '058 patents.

## DEFENDANT RSI'S ACTS OF PATENT INFRINGEMENT

99.     Defendant RSI has infringed claims of the '936, '859, '927, '606, '359, '645, '781, and '058 patents through, among other activities, the use of RSI's AVL and LMU tracking systems. RSI has also infringed the '936, '859, '927, '606, '359, '645, '781, and '058 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

100.    RSI's vehicle tracking system is configured to track, manage, and report on fleets of vehicles.

101.    RSI's Programmable Event Generator ("PEG") enables users to define a set of exception rules in tracking units associated with vehicles.

102.    RSI provides customers with GPS vehicle tracking technology and real-time communication tools.

103.    RSI's tracking systems receive travel data from mobile vehicles.

104.    RSI's systems receive location data from in-vehicle GPS tracking hardware.

105.    RSI's PEG system continuously monitors vehicle's environments and responds to predefined threshold conditions related to time, date, motion, location, geo-zone, input, and other event combinations.

106.    RSI's tracking systems receive location data from moving vehicles via cellular communication networks.

107.    RSI's vehicle tracking system stores travel data transmitted from location tracking devices aboard vehicles.

108.    RSI's tracking systems provide users with maps that indicate the positions of in-vehicle GPS tracking hardware.

109.    RSI's vehicle tracking systems electronically transmit map information indicative of vehicles' locations.

110.    RSI's AVL tracking system provides estimated arrival times for vehicles.

111.    RSI's systems are configured to transmit alerts based on pre-determined vehicle conditions.

112.    RSI's tracking systems are configured to transmit alerts based on user-defined vehicle locations.

113.    RSI's tracking systems are configured to compare travel data sent from vehicles to user-defined thresholds.

114.    RSI's systems are configured to transmit alerts upon receiving location data from a vehicle indicative of the vehicle arriving within a user-defined geographic area.

- 14 / 23 -

115. RSI's tracking systems are configured to automatically transmit notifications to users.

116. RSI's vehicle tracking system is configured to enable a user to define a proximity about a location.

117. RSI's tracking systems allow users to define a boundary around a location and receive alerts when a vehicle enters within the boundary.

118. RSI's vehicle tracking system is configured to enable a user to define multiple boundaries around a location.

119. RSI's tracking systems transmit alert notification emails to users.

120. RSI's tracking systems transmit SMS text message alerts to user telephones.

121. RSI provides users with alert emails that are triggered by user-defined events.

122. RSI's vehicle tracking system transmits alert messages that indicate that a user specified vehicle is arriving at a location.

123. RSI's tracking systems are configured to allow users to assign alert conditions to individual vehicles.

124. RSI's tracking systems store location data transmitted from mobile vehicles and provide users with historical route information.

125. RSI's tracking systems are configured to transmit alerts that are triggered by data wirelessly transmitted from V-Track units aboard vehicles.

126. RSI's vehicle tracking system receives requests from remote users for alerts to be transmitted in response to user-specified vehicles entering within user-specified boundaries around locations.

127.    Defendant RSI's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, '359, '645, '781, and '058 patents.

### DEFENDANT STARTRAK'S ACTS OF PATENT INFRINGEMENT

128.    Defendant StarTrak has infringed claims of the '936, '668, '859, '606, '645, '781, and '058 patents through, among other activities, the use of StarTrak's vehicle tracking systems. StarTrak has also infringed the '936, '668, '859, '606, '645, '781, and '058 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

129.    StarTrak's vehicle tracking systems receive travel data from mobile devices associated with vehicles.

130.    StarTrak's vehicle tracking systems provide GPS tracking of vehicles with geofence and landmarking functionality.

131.    StarTrak's vehicle tracking systems provide real-time monitoring of a vehicle's location.

132.    StarTrak's vehicle tracking systems provide users with status updates regarding vehicles monitored by the system.

133.    StarTrak's vehicle tracking systems allow users to define landmark locations.

134.    StarTrak's vehicle tracking systems transmit alerts to users when a mobile vehicle being tracked by the system passes a defined landmark.

135. StarTrak's vehicle tracking systems allow a user to define up to 1,000 landmarks.

136. StarTrak's vehicle tracking systems provide user defined landmarks that are remotely settable.

137. StarTrak's vehicle tracking systems can provide notifications to a user when a vehicle enters or exits a location such as a terminal, rail ramp or yard facility.

138. StarTrak's vehicle tracking systems include user-configurable geofences.

139. StarTrak's vehicle tracking systems allow a user to define an area about a location, and then receive an alert when a vehicle enters the defined area.

140. StarTrak's vehicle tracking systems allow a user to define an area around a location, and then receive an alert when a vehicle exits the defined area.

141. StarTrak's vehicle tracking systems allow a user to define multiple proximities about a location, and then receive multiple alerts when a vehicle enters the defined areas.

142. StarTrak's vehicle tracking systems transmit messages to users that indicate a vehicle's proximity to a location.

143. StarTrak's vehicle tracking systems include the GenTrak system that consists of a communicator, GPS/wireless antenna, fuel sensor, container connection sensors, power line or wireless modem and intelligence with pre-loaded and settable geofence locations.

144. StarTrak's vehicle tracking systems allow users to specify the conditions for receiving an alert.

145. StarTrak's vehicle tracking systems are configured so that, when an event occurs, alarms are delivered 24 hours a day, seven days a week anywhere the user specifies.

146.    StarTrak's vehicle tracking systems are specifically configured to transmit alerts to a user's personal communication device by email.

147.    StarTrak's vehicle tracking systems are fully Web-enabled to make information available instantly via any PC, pager, email or fax.

148.    StarTrak's vehicle tracking systems are configured to provide alert notifications automatically.

149.    StarTrak's vehicle tracking systems provide automatic gate in/out reporting.

150.    StarTrak's vehicle tracking systems provide an estimated time of arrival for a vehicle at a specific location.

151.    StarTrak's vehicle tracking systems provide full logistics information for a vehicle including location, speed, direction and estimated time of arrival.

152.    When a vehicle is delayed, StarTrak's vehicle tracking systems provide users with a notification of the delay and a revised estimated time of arrival.

153.    StarTrak's vehicle tracking systems provide revised estimated times of arrival for a vehicle while the vehicle is en rotue.

154.    StarTrak's vehicle tracking systems transmit messages to users that indicate a vehicle's estimated time of arrival at a location.

155.    StarTrak's vehicle tracking systems have notified a user of a vehicle delay with a revised estimated time of arrival at a location while the vehicle was in transit to the location.

156.    StarTrak's vehicle tracking systems provide an Always-On instant polling feature that allows users to request up-to-date status and location information about a vehicle.

157.    StarTrak's vehicle tracking systems provide users with mapping data that indicates a vehicle's proximity to a particular location.

158.    StarTrak's vehicle tracking systems include devices located on mobile vehicles that are configurable from locations remote from the vehicles.

159.    StarTrak's vehicle tracking systems retrieve vehicle travel data upon a user request.

160.    Defendant StarTrak's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '668, '859, '606, '645, '781, and '058 patents.

## DEFENDANT TELENAV'S ACTS OF PATENT INFRINGEMENT

161.    Defendant TeleNav has infringed claims of the '936, '859, '927, '606, '359, '645, and '058 patents through, among other activities, the use of TeleNav's TeleNav Track and TeleNav Vehicle Manager tracking systems. TeleNav has also infringed the '936, '859, '927, '606, '359, '645, and '058 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

162.    TeleNav provides users with an automatic vehicle location service.

163.    TeleNav's tracking systems receive location data from on board vehicle tracking devices, and transmit location information to user computers via internet connections.

164.    TeleNav's tracking systems notify users when vehicle alarm conditions occur.

165.    TeleNav's TeleNav Track and TeleNav Vehicle Manager tracking systems include geofence functionality.

166.    TeleNav's systems are configured to send email notifications to users.

167.    TeleNav's vehicle tracking system transmits alert messages to users' personal communication devices through email.

168.    TeleNav's tracking system transmits alert messages to users indicating a vehicle's proximity to a location.

169.    TeleNav's tracking systems allow users to specify the times of day that a geofence entry by a vehicle will cause an alert to be generated.

170.    TeleNav's vehicle tracking systems are configured to enable a user to elect to receive a SMS text message upon a vehicle entering within a perimeter around a landmark between 9 A.M. and 5 P.M., and an email upon the vehicle entering within the perimeter around the landmark between 5 P.M. and 10 P.M.

171.    TeleNav's tracking system automatically transmits an alert message to a user based upon a vehicle entering within a boundary area around a location.

172.    TeleNav provides users with perimeter alerts that provide automatic notifications when vehicles cross pre-defined boundaries.

173.    TeleNav's tracking system is configured to send email notifications to users when the tracking system receives travel data from a vehicle indicative of the vehicle entering within a user-defined area.

174.    TeleNav's tracking systems provide users with display maps that indicate the current location of tracked vehicles.

175.     Defendant TeleNav's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, '359, '645, and '058 patents.

**DEFENDANT VOLVO'S ACTS OF PATENT INFRINGEMENT**

176.     Defendant Volvo has infringed claims of the '936, '859, '927, '606, '359, '645, and '058 patents through, among other activities, the use of Volvo's Link vehicle tracking system. Volvo has also infringed the '936, '859, '927, '606, '359, '645, and '058 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

177.     Volvo's vehicle tracking system receives location data from vehicles.

178.     Volvo's Link vehicle tracking system retrieves stored vehicle travel data upon user request.

179.     Volvo's tracking system receives data from vehicle devices via a system of geosynchronous satellites.

180.     Volvo's vehicle tracking system transmits notifications to users based upon vehicles entering within user-specified distances of locations.

181.     Volvo's tracking system allows users to assign up to 20 geofences to a vehicle.

182.     Volvo's vehicle tracking system transmits alert messages to users that indicate vehicles' locations.

183.   Volvo's tracking systems allow a user to set alarms for vehicles that are remotely located from the user.

184.   Volvo's tracking system allows users to define time periods in which a specific vehicle entering within a geofence area will cause an alert notification to be generated.

185.   Volvo's tracking systems provide users with graphical maps that include symbolic representations of mobile vehicles.

186.   Volvo's tracking systems provide users with vehicles proximities to locations.

187.   Volvo's vehicle tracking system transmits notifications to users' personal communication devices through email.

188.   Defendant Volvo's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, '359, '645, and '058 patents.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court to enter judgment against the Defendants, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.   An award of damages adequate to compensate ArrivalStar for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the ArrivalStar patents began;

B.   Increased damages as permitted under 35 U.S.C. § 284;

C.      A finding that this case is exceptional and an award to ArrivalStar of its

attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction prohibiting further infringement, inducement and

contributory infringement of the ArrivalStar patents; and

E.      Such other and further relief as this Court or a jury may deem proper and just.


## JURY DEMAND

ArrivalStar demands a trial by jury on all issues presented in this Complaint.

Dated: April 13, 2010                                    Respectfully submitted,


Anthony E. Dowell
aedowell@dowellbaker.com
Geoffrey D. Smith
GSmith@dowellbaker.com
DOWELL BAKER, P.C.
201 Main St., Suite 710
Lafayette, IN 47901
(765) 429-4004
(765) 429-4114 (fax)

**ATTORNEYS FOR PLAINTIFFS
ARRIVALSTAR S.A. and
MELVINO TECHNOLOGIES
LIMITED**

**Index of Exhibits**

Exhibit A…………………………….....U.S. Patent No. 6,278,936

Exhibit B…………………………….....U.S. Patent No. 6,618,668

Exhibit C…………………………….....U.S. Patent No. 6,714,859

Exhibit D…………………………….....U.S. Patent No. 6,741,927

Exhibit E…………………………….....U.S. Patent No. 6,804,606

Exhibit F…………………………….....U.S. Patent No. 6,904,359

Exhibit G…………………………….....Allowed claims of *Inter Partes* Rexamination
No. 95/000,369 of U.S. Patent No. 6,904,359

Exhibit H…………………………….....Notice of Intent to Issue a Rexamination
certificate in *Inter Partes* Rexamination No.
95/000,369 of U.S. Patent No. 6,904,359

Exhibit  I…………………………….....U.S. Patent No. 6,952,645

Exhibit  J…………………………….....U.S. Patent No. 7,030,781

Exhibit K…………………………….....U.S. Patent No. 7,191,058